UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HOWARD FITZPATRICK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-1012-P |
| | § | |
| THE STATE OF TEXAS | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL OF PLAINTFF'S CLAIMS AND RETURNING CASE TO DISTRICT JUDGE**

On November 14, 2022, *pro se* Plaintiff Howard Fitzpatrick ("Fitzpatrick") filed, *inter alia*, an Original Complaint [doc. 1] against the State of Texas. In an order dated November 15, 2022, Fitzpatrick was granted permission to proceed In Forma Pauperis ("IFP"). The Court, on December 13, 2022, entered an Order Directing Plaintiff to File a Form Amended Complaint, ordering Fitzpatrick to file an amended complaint no later than December 28, 2022. In the order, the Court stated:

> A review of the body of the complaint reveals a very confusing set of factual claims and reference to prior criminal charges and convictions. As such, Plaintiff's complaint appears inadequate to state a claim upon which relief may be granted.
>
> . . . .
>
> Based on the foregoing, the Court will allow Fitzpatrick to file an amended complaint that complies with the Rules and includes a plain statement of all his claims against all Defendants. Fitzpatrick is advised that he must identify as a Defendant each person he makes a claim against, and he must set forth any facts relating to each particular defendant's personal involvement in the alleged claims. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).
>
> In addition, Fitzpatrick is advised that once the form amended complaint with any attachment pages is filed, the Court will look **only** to that document and any attachment pages in reviewing his claims. . . .

1

(Court's December 13, 2022 Order at 1-2 (footnote omitted).) Thereafter, on December 30, 2022, Fitzpatrick filed an Amended Complaint.

In the Amended Complaint, Fitzpatrick again sets forth a very confusing set of factual claims and reference to prior criminal charges and convictions. He lists four parties to the suit and seeks relief in the form of "a CEASE & DESIST ORDER to THE REPUBLIC STATE OF TEXAS, on this case #1623783." (Plaintiff's Amended Complaint at 2-3.)

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

After reviewing Plaintiff's Amended Complaint, the Court finds and concludes that it does not articulate a coherent claim for which the Court could offer redress and fails to comply with Federal Rule of Civil Procedure 8(a). Because Fitzpatrick is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court finds and concludes that no amount

of liberal construction of Fitzpatrick's Amended Complaint could result in a legally cognizable claim. Moreover, Fitzpatrick has had more than one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Fitzpatrick's claims against Defendant for being frivolous and failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Based on the foregoing, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for the reasons set forth above.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until January 17, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 3, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE